FILED

Amir J. Goldstein, Esq. (SBN: 255620)
Attorney for Plaintiff
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel  323.937.0400
Fax 866.288.9194
ajg@consumercounselgroup.com

2012 OCT 19  AM 11: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

KYUNG KIM,

               Plaintiff,

  v.

COMMERCIAL RECOVERY
SYSTEMS, INC. and DOES  1 through
10, inclusive,

               Defendant.

CASE NO.: **CV12-9015** —JC

COMPLAINT FOR DAMAGES

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant COMMERCIAL RECOVERY SYSTEMS, INC. alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**PARTIES**

2. Plaintiff is a natural person residing in Los Angeles County, California.

3. Upon information and belief, Defendant COMMERCIAL RECOVERY SYSTEMS, INC. is a debt collector as defined pursuant to 15 U.S.C. § 1692a (6) with its principal place of business in Dallas, TX.

**JURISDICTION**

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the Defendant conducts business, the nature of which subjects the corporation to jurisdiction in this district and the transactions that give rise to this action occurred, in substantial part, in this district.

**AS AND FOR A FIRST CAUSE OF ACTION**

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff from one "**Citibank**."

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to the Defendant for collection.

8. That on or about September 2012 through on or about October 2012, Defendant harassed Plaintiff and made several abusive and deceptive phone calls to Plaintiff in an attempt to collect the aforementioned debt.

*Count One*

9. Plaintiff realleges paragraphs 1 through 8 as if fully restated herein.

10. That on or about September 27, 2012, Defendant's agent contacted Plaintiff in an attempt to collect the above-referenced debt.

11. That during Plaintiff's communications with Defendant, Plaintiff repeatedly requested validation of said debt.

2
Complaint for Damages

12. That notwithstanding Plaintiff's request, Defendant's agent, one Mr. Cuttingham, refused to provide any validation and refused to confirm whether the Defendant was authorized to collect on said debt.

13. That in an attempt to intimidate Plaintiff and coerce Plaintiff into making an immediate payment, Defendant threatened Plaintiff with legal action.

14. That based on Defendant's statements, Plaintiff was led to believe that the only way to avoid legal action was to remit immediate payment to Defendant.

15. That due to Defendant's threats and pressure, Plaintiff agreed to pay Defendant $1000.00.

16. That on or about September 28, 2012, Plaintiff contacted Defendant to cancel the payment.

17. That despite Plaintiff's request to cancel the transaction, the Defendant attempted to withdraw $1000.00 from Plaintiff's bank account without Plaintiff's consent.

*Count Two*

18. Plaintiff realleges paragraphs 1 through 17 as if fully restated herein.

19. That on or about October 2012, Defendant called Plaintiff's cellular phone and left Plaintiff a voice message in an attempt to collect the aforementioned debt.

20. That in said voice message, Defendant's agent demanded, **"a return call within the next 72 hours to rectify the matter."** (emphasis added)

21. That in said voice message, Defendant's agent threatened in pertinent part, **"…I will have no other choice and will forward the bad check over to your local district attorney's office…"** (emphasis added)

22. That in said voice message, Defendant's agent, in an attempt to further scare Plaintiff, accused her of committing a **"felony in the state of California."** (emphasis added)

23. That Defendant's agent further warned,

> **"Failure to respond to my call or rectify the matter will result with the assumption that you are waiving your rights also will warrant any actions taken against you to proceed. Good day and good luck."** (emphasis added)

24. That subsequently, Defendant called Plaintiff's cellular phone and left Plaintiff another voice message in an attempt to collect the aforementioned debt.

25. That in said voice message, Defendant's agent demanded **"a return call to rectify the matter within the next <u>24 hours</u>."** (emphasis added)

26. That in said voice message, Defendant warned in pertinent part, **"...we will be moving forward and <u>filing your case first thing in the morning</u> as well as forwarding the bad check over to your <u>local district attorney's office</u>..."** (emphasis added)

27. That Defendant called Plaintiff's cellular phone and left Plaintiff another voice message in an attempt to collect the aforementioned debt.

28. That in said voice message, Defendant's agent explained **"I'm giving you a call to inform you that I am in the process of forwarding that bad check for $1000 to your <u>local district attorney's office</u>.** (emphasis added)

29. That in said voice message, Defendant added **"[Defendant] will be moving forward in <u>filing your case</u> so you can contact me or you can contact your local district attorney's office.** (emphasis added)

30. That in said voice message, Defendant further mocked Plaintiff by stating, **"Good day and Good Luck."**

31. That in all said messages to Plaintiff, Defendant referenced **"case no. 3623750."**

32. That in all said messages to Plaintiff, Defendant instructed Plaintiff to call **1-800-505-5374,** a phone number owned and operated by Defendant.

33. That although Defendant placed several phone calls to Plaintiff's cellular phone from **(800) 505-5374,** a phone number belonging to Defendant, Defendant also placed several phone calls to Plaintiff's cellular phone from a phone number which came up as **"unknown"** on the caller ID, creating a false impression that the phone call was not an attempt to collect a debt and did not originate from the Defendant.

34. That Defendant falsely represented the character, amount and/or legal status of the debt.

35. That Defendant's communications contain language demonstrating false statements, deceptive representations and threats to take legal action that cannot be taken or are not intended to be taken in order to unduly pressure, scare, abuse and intimidate Plaintiff.

36. That Defendant's communications contain misleading and overshadowing language which contradicts the consumer's rights and are intended to circumvent the law.

37. That Defendant's agent did not meaningfully identify herself as a representative of a debt collection agency, nor did she make the proper disclosures as required by law.

38. That Defendant left deceptive messages which lacked disclosures creating a false impression that the phone call was not an attempt to collect a debt.

39. That the Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights and are intended to circumvent the law, while compelling payment by means of duress and coercion.

40. That Defendant's communications contain false threats to take imminent legal action that cannot be taken or are not intended to be taken in order to unduly pressure, scare, abuse and intimidate Plaintiff.

41. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of making representations which are false, harassing, confusing, misleading, deceptive and/or unfair.

42. That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: extreme embarrassment, humiliation, shame, high blood pressure, stress, anxiety, aggravation and sleepless nights.

43. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in that the communications to the Plaintiff by the Defendant were deceptive, misleading and done in furtherance of harassing the Plaintiff to coerce payment of a disputed debt, under duress and harassment.  More specifically:

    a. Defendant has violated 1692d(5) by causing the Plaintiff's phone to ring repeatedly and continuously with intent to annoy, abuse or harass the Plaintiff at the called number;

b.  Defendant has violated 1692d(6) by placing several phone calls to Plaintiff without giving meaningful disclosure of the caller's identity;

c.  Defendant has violated 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt;

d.  Defendant has violated 1692e(5) by threatening to take legal action that cannot be legally taken or is not intended to be taken;

e.  Defendant has violated 1692e(10) by using false representations and/or deceptive means in an attempt to collect the alleged debt;

f.  Defendant has violated 1692e(11) by failing to disclose in communications that the communication is from a debt collector;

g.  Defendant has violated 1692f by using unfair or unconscionable means to collect the alleged debt;

h.  Defendant has violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt.

44. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

45. Plaintiff realleges paragraphs 1 through 44 as if fully restated herein.

46. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

47. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

a.  By placing telephone calls without disclosure of the caller's identity, Defendant has violated §1788.11(b);

6

b. By causing a telephone to ring repeatedly or continuously to annoy the person called and by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, Defendant has violated §§ 1788.11(d) & (e);

c. In failing to inform consumers its true identity, Defendant has violated §1788.13(a), which prohibits communications with the debtor other than in the name of the debt collector or the person on whose behalf the debt collector is acting and §1788.13(i), which prohibits the false representation of the true nature of the business or services being rendered by the debt collector;

d. By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendant has violated §1788.13(j);

e. By failing to include certain debt collection notices and disclosures required by law.

48. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendant' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

49. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

50. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

//
//
//
//

1

2   **WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the

3   amount of:

4       (a)     Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an

5   amount to be determined at the time of trial on behalf of the class on the first cause of action.

6       (b)     Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq*., as

7   to the second cause of action.

8       (c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and CA Civil

9   Code §1788.30, *et seq*.

10      (d)     For such other and further relief as may be just and proper.

11      (e)     Plaintiff requests trial by jury on all issues so triable.

12

13  Dated: October 16, 2012                             Amir J. Goldstein, Esq.

14

15

16                                                      Amir J. Goldstein, Esq.
                                                        **Attorney for Plaintiff**
17                                                      5455 Wilshire Boulevard., Suite 1812
                                                        Los Angeles, CA 90036
18                                                      Tel 323.937.0400
                                                        Fax 866.288.9194
19

20

21

22

23

24

25

26

27

28

Name & Address:
Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KYUNG KIM,

|  |  |
|---|---|
| **PLAINTIFF(S)** | CASE NUMBER |
| v. | CV12-9015 JC |
| COMMERCIAL RECOVERY SYSTEMS, INC. and DOES 1 through 10, inclusive, | |
| **DEFENDANT(S).** | **SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Amir J. Goldstein. Esq._____, whose address is 5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    OCT 1 9 2012 _____

By: ____MARILYN DAVIS____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| KYUNG KIM, | COMMERCIAL RECOVERY SYSTEMS, INC. and DOES 1 through 10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Amir J. Goldstein, Esq. 5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036 323.937.0400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC 1692 et seq. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV12-9015

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):   _____      Date  10/16/12

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |